RAYMOND MESSINEO, PROSECUTOR-RESPONDENT, v. GUY L. FAKE, MILES C. WHITEHEAD, CLARENCE MABIE, COMMISSIONERS OF ADJUSTMENT, ET AL., DEFEND-ANTS-APPELLANTS.

Argued November 29, 1915—Decided March 6, 1916.

1. The statutory provision contained in the act concerning the settlement and collection of unpaid taxes, assessments, &c. (*Comp. Stat.*, *p.* 5247, § 404), requiring commissioners appointed thereunder within thirty days after their appointment to cause notice to be published in at least one newspaper making known that they will meet at a time and place designated, not more than forty nor less than thirty days from the date of the first publication, to hear all persons interested, &c., and that such notice shall be continued in said newspaper at least once a week until said meeting, is not complied with by the publication of the notice four times covering a period of only twenty-two days from the date of the first insertion.

2. The failure to publish such notice once each week for four consecutive weeks until the date of the meeting of the commissioners was not cured by the supplement passed April 15th, 1915 (*Pamph. L.*, *p.* 33), which provided "That all proceedings heretofore instituted under this act, in which the notice of the first meeting of the commissioners has been published once each week for at least four consecutive weeks preceding the time designated therein for holding the same, in at least one newspaper  *  *  * are hereby validated and confirmed." Our courts have uniformly held that a statute requiring the advertisement of judicial sales to be inserted in a newspaper once a week for four weeks next preceding the time appointed for the sale, is not complied with unless there is a period of four whole weeks between the first insertion of the advertisement and the day of sale.

On appeal from the Supreme Court.

For the appellants, *Gilbert Collins* and *James De Turck*.

For the respondent, *Louis A. Cowley*.

For the borough of Garfield, *Joseph H. Lefferts*.

The opinion of the court was delivered by

KALISCH, J. In 1915, the legislature passed a supplement to an act concerning the settlement and collection of arrearages of unpaid taxes, assessments, &c. *Pamph. L.* 1898, *p.* 412; *Comp. Stat., p.* 5247, § 404.

Section 2 of the act of 1898 provides, among other things, that the commissioners, appointed under the act, shall within thirty days after their appointment cause a notice, signed by themselves, to be published in at least one newspaper printed or circulating in the town, township, borough or other municipality for which they were appointed making known thereby that they will meet at a time and place to be therein designated, not more than forty or less than thirty days from the date of the first publication of the notice to hear all persons interested in the reassessment or adjustment under the act, &c., and that such notice shall be continued in said newspaper at least once each week until said meeting.

On the 9th day of May, 1915, three commissioners were appointed by the Bergen County Circuit Court, under the act of 1898, for the purpose of performing the duties and executing the powers conferred on them by the act as amended and supplemented.

On the 29th day of May, 1914, the commissioners so appointed gave notice by publication in a newspaper circulating in the borough of Garfield that they would meet at the borough hall of Garfield on Tuesday, the 7th day of July, 1914, &c.

This notice was published as follows: June 1st, June 8th, June 15th and June 22d, 1914.

Counsel for appellant concede in their brief that the notice given was not in strict compliance with the act, in that it was not published once each week for four weeks until the meeting on July 7th, 1914. Their further insistence is that this defect in the failure to give the notice for the requisite time was cured by a supplement to the act of 1898, passed April 15th, 1915 (*Pamph. L., p.* 607), which provided: "That all proceedings heretofore instituted under this act, in which the notice of the first meeting of the commissioners has been pub-

lished once each week for at least four consecutive weeks preceding the time designated therein for holding the same, in at least one newspaper printed or circulating in the town, township, borough or other municipality for which commissioners have been heretofore appointed are hereby validated and confirmed."

The argument made to support the contention of counsel for appellant is that since there was a publication of the notice, once each week for four consecutive weeks, in a newspaper circulating in the borough, it must be assumed that it was the plain intent of the legislature to validate proceedings in which the notice of the first meeting of the commissioners was published four times, once a week preceding the meeting and that so long as fully four weeks had elapsed before the meeting, the present case came within the curative act, notwithstanding the fact that the notice, though published once a week for four weeks, covered only a period of twenty-two days. This contention is unsubstantial. We cannot assume that the legislature had any particular case in view when it passed the act of 1915, but only such cases where there had been a publication before the meeting, once each week for four consecutive weeks, in the sense of the decisions of the courts of this state.

Our courts have uniformly held that a statute requiring the advertisement of the sale of real estate to be inserted in a newspaper once a week for four weeks, next preceding the time appointed for the sale, is not complied with unless there is a period of four whole weeks between the first insertion of the advertisement in the newspaper and the day fixed for the sale. *Parsons* v. *Lanning*, 27 *N. J. Eq.* 70; *State, Barkley, prosecutor,* v. *Elizabeth,* 41 *N. J. L.* 517; *Pardee* v. *Perth Amboy,* 57 *Id.* 106; *Hodge* v. *United States Steel Corporation,* 64 *N. J. Eq.* 90, 102, where the cases are collated and discussed by Vice Chancellor Emery.

If it was the intention of the legislature to have included within the scope of the curative act cases where there were four insertions in a newspaper covering a period of twenty-two days from the date of the first insertion, it has not been

expressed in, nor can it be gathered from, the language of the act.

We do not find it necessary to decide whether the word "preceding," in the curative act, should be construed to mean "next preceding," a phase of the case dealt with by the Supreme Court, nor are we to be considered as assenting to the construction given to the act by the Supreme Court in that regard, since we have not considered the question and have disposed of the case upon the single ground that the publication of the notice had not been inserted in the newspaper for a full period of twenty-eight days, once each week, from the time of its first insertion, and that, therefore, the present case did not come within the scope of the act of 1915.

For this reason the judgment of the Supreme Court setting aside the proceedings will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 13.

*For reversal*—None.